U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

NOV 04 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES DOBBINS | CIVIL ACTION NO. 08-1494 |
| VERSUS | JUDGE DONALD E. WALTER |
| ANTHONY FOREST PRODUCTS CO. | MAGISTRATE MARK HORNSBY |

## MEMORANDUM RULING

Before this Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Record Document 5]. For the following reasons, Defendant's Motion is **DENIED.**

### I. FACTUAL BACKGROUND

James Dobbins ("Plaintiff") filed *pro se* the present action alleging several instances of race-based harassment from his employer, Anthony Forest Products Company ("Defendant"). Plaintiff alleges that he filed complaints with defendant's Human Resources department in September 2004, March 2005, and January 2006, but that the harassment continued. He also alleges that at a company dinner in January 2006, he informed Linda Anthony, the vice president of defendant's Human Resources department, that his work environment had not improved and he continued to be subjected to race-based harassment and discrimination. Plaintiff claims he was terminated in retaliation for his having filed these complaints of race-based harassment.

The following timeline represents the sequence of events that occurred with respect to Plaintiff's termination and the commencement of this lawsuit:

1

| | |
|---|---|
| June 20, 2006 | Plaintiff was terminated from his employment with Defendant. |
| December 5, 2006 | Plaintiff filed his charge with the Equal Employment Opportunity Commission ("EEOC") alleging race-based discrimination and retaliation. |
| May 21, 2008 | The EEOC issued a right to sue letter, stating that more than 180 days had passed since the filing of the charge and that it was terminating its processing of the charge. The letter also informed Plaintiff that he had 90 days to file suit under Title VII; otherwise, his right to sue based on the alleged violations would be lost. |
| August 20, 2008 | Plaintiff filed a petition in the 26th Judicial District Court of Bossier Parish, Louisiana, alleging race-based harassment and discrimination, and retaliation for having filed complaints of such harassment and discrimination. |
| September 22, 2008 | Plaintiff filed an amended complaint stating that "his claims are asserted under Title VII, 42 U.S.C. 2000-e, et seq." [Record Document 1, Ex. 2]. |

Defendant asserts that the original petition, which was filed within the ninety-day period following the right to sue letter, only asserted violations under Louisiana employment discrimination laws. Louisiana law requires suit to be brought within eighteen months of the alleged discriminatory action.[1] Plaintiff argues the suit was time barred as it was not filed until two years after his termination. The amended petition, which expressly stated a claim under Title VII, 42 U.S.C. 2000-e, et seq., was not filed until after the ninety-day period. Defendant argues this petition is also procedurally time-barred and requests the Court dismiss Plaintiff's claims under Title VII. [Record

---

[1] Under Louisiana law, an employment discrimination suit is subject to a prescriptive period of one year. However, the prescriptive period may be suspended for a maximum of six months during the pendency of an administrative investigation of the claim, which extends the prescriptive period to eighteen months after the alleged discriminatory conduct. La. R.S. § 23:303 (2008).

Document 5].

## II. LAW AND ANALYSIS

A plaintiff desiring to pursue an employment discrimination claim under Title VII must exhaust administrative remedies before he is entitled to pursue his claims in court. *Taylor v. Books A Million, Inc.*, 296 F.3d 276, 378-79 (5th Cir. 2002). Exhaustion of administrative remedies occurs when the plaintiff timely files a charge with the EEOC and receives a right to sue letter. After receipt of the right to sue letter, a plaintiff has only ninety days to file a Title VII employment discrimination suit. *King v. Miss. Employment Sec. Comm'n*, 37 F.3d 633, 635 (5th Cir. 2004). A person who fails to file a complaint within the ninety-day period forfeits the right to pursue the claim.[2]

Plaintiff's amended complaint, filed on September 22, 2008, was clearly outside the ninety-day period and is not sufficient in itself to maintain an action under Title VII. In order for Plaintiff's claim to have been timely filed, the amended complaint must relate back to the date of the original petition, filed on August 20, 2008.

Federal Rule of Civil Procedure 15(c) allows an amendment to a pleading to relate back to the date of the original pleading under certain circumstances. One of those circumstances is when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Defendant argues that in order for an amended pleading to relate back to the date of the original pleading, the original pleading itself must be timely. Defendant contends that the original

---

[2] The requirement to file within the ninety day limitation period is strictly construed. The Fifth Circuit has repeatedly dismissed cases in which the plaintiff filed a complaint after the ninety-days had passed. *See, e.g., Butler v. Orleans Parish School Board*, 2001 WL 1135616 (E.D. La. 2001) (Title VII claims dismissed where *pro se* plaintiff filed her complaint ninety-one days after receiving the right to sue letter).

3

petition was untimely because the original claim asserted only violations of Louisiana law which were barred by Louisiana's prescriptive period.[3]

However, the Louisiana Rules of Civil Procedure set forth a system of fact pleading. "So long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence." *Cox v. W.M. Heroman & Co., Inc.*, 298 So.2d 848, 855 (La. 1974). The legal grounds for relief are not required in the petition.[4] Plaintiff's original petition stated that he had made several complaints to his employer regarding race-based harassment and alleged that the motive for his termination "was retaliation for having filed complaints of race-based harassment against the supervisor." *See* Rec. Doc. 1, Ex. A. No where in the original petition did Plaintiff specify the law under which he sought relief. Therefore, it is the Court's view that the original petition adequately pleaded facts that would give rise to a cause of action under both Louisiana law and Title VII. And contrary to defendant's position, the amended petition did not provide any additional facts or attempt to initiate a Title VII claim after the ninety-day period had expired. The amended petition merely clarified to the court

---

[3] As stated above, Louisiana law has a one-year prescriptive period for employment discrimination brought under state law. The prescriptive period is subject to a six-month tolling period during an administrative review or investigation of the allegations. Thus, a plaintiff's state law claim of employment discrimination can be brought no later than 18 months after the alleged discriminatory acts.
In this suit, Plaintiff's petition was filed over two years after his termination. Any claims arising under state law were clearly time-barred.

[4] In addition to the liberal state court pleading requirements, the Federal Rules of Civil Procedure require a district court considering a motion to dismiss pursuant to Rule 12(b)(6) to construe the state court petition in the light most favorable to the plaintiff. Furthermore, pro se complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 276, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

4

that plaintiff was seeking relief under Title VII and was not attempting to pursue the time-barred state law claims.

Furthermore, Federal Rule of Civil Procedure 15(c) also allows relation back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." As stated by the Fifth Circuit in *Johnson v. Crown Enterprises*:

> Thus, the focus is not the caption given to a particular cause of action, but the underlying facts upon which the cause of action is based. The purpose of the rule is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation.

398 F.3d 339, 342 (5th Cir. 2005) (internal citations omitted).

In the present matter, Plaintiff's Title VII claim arose out of the same "conduct, transaction, or occurrence" set forth in the original petition. A pro se plaintiff should not be penalized for failing to specify the exact statute under which his claim is brought.

### III. CONCLUSION

Plaintiff's original petition sufficiently set forth facts which give rise to a cause of action under Title VII and was properly filed within the ninety-day limitations period provided by Title VII. Moreover, plaintiff's amended petition relates back to the date of the original petition under Rule 15(c). Accordingly, Defendant's Motion to Dismiss is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this ___ day of November, 2008.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE